IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WILLIAM DEE WOOD, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-07-1280-HE |
| ) | |
| JUSTIN JONES (D.O.C.) DIRECTOR, ) | |
| ) | |
| Respondent. ) | |

**REPORT AND RECOMMENDATION
ON THE ISSUE OF TIMELINESS**

Mr. William Wood seeks habeas relief in connection with a state court conviction. The Respondent moves for dismissal on grounds of timeliness,[1] and the Court should grant the motion.

Background

Mr. Wood was convicted on state criminal charges, and the Oklahoma Court of Criminal Appeals ("OCCA") affirmed on March 6, 2006. *See* Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody at pp. 1-2, 19 (Nov. 13,

---

[1] In the habeas petition, the named respondent was Justin Jones, who is the Director of the Department of Corrections. The attorney filing the motion to dismiss had entered an appearance for Mr. Jones. And when the attorney docketed the motion and brief, he identified the "filer" as Justin Jones. But in the motion to dismiss and supporting brief, the attorney unilaterally changed the caption to indicate that the party was "David Parker, Warden." Motion to Dismiss Petition for Habeas Corpus as Time Barred by the Statute of Limitations at p. 1 (Dec. 21, 2007); Brief in Support of Motion to Dismiss Time Barred Petition at p. 1 (Dec. 21, 2007). Mr. Parker is not the respondent, and the attorney cannot unilaterally change the parties by alteration of the caption. In these circumstances, the Court should treat the motion as filed on behalf of Mr. Jones, who is the actual respondent.

2007) ("Petition"). The Petitioner submitted two post-conviction applications which were file-stamped on June 7, 2007, and July 26, 2007. *See id.* at pp. 3, 19. The state courts denied relief,[2] and Mr. Wood filed the habeas petition no earlier than November 1, 2007.[3]

## Standard for Dismissal

Federal statutory law does not address the standard for dismissal in habeas proceedings. Thus, the Federal Rules of Civil Procedure apply. *See* Fed. R. Civ. P. 81(a)(2).

On a motion to dismiss, the applicable rule is Fed. R. Civ. P. 12(b)(6).[4] Under this rule, the well-pleaded factual allegations in the petition must be accepted as true and construed in the light most favorable to Mr. Wood. *See Bryson v. City*, 905 F.2d 1386, 1390 (10th Cir. 1990).

## Timeliness of the Present Action

Under the uncontested facts, the only reasonable conclusion is that the action is untimely.

---

[2]     *See* Petition at pp. 3-4.

[3]     The petition is deemed "filed" when Mr. Wood had given it to prison officials for mailing. *See Fleming v. Evans*, 481 F.3d 1249, 1255 n.2 (10th Cir. 2007). Mr. Wood states under oath that he had placed the petition in the prison mailing system on November 1, 2007. Petition at p. 20. Thus, the filing date was November 1, 2007, even though the stamp reflected a filing date of November 13, 2007.

[4]     *See Aguilera v. Kirkpatrick*, 241 F.3d 1286, 1290 (10th Cir. 2001) (holding that a motion to dismiss in a habeas proceeding arises under Fed. R. Civ. P. 12(b)(6)); *see also Walker v. True*, 399 F.3d 315, 319 n.1 (4th Cir. 2005) ("In section 2254 proceedings, the state's . . . motion to dismiss is filed pursuant to Fed. R. Civ. P. 12(b)(6)." (citations omitted)).

The limitations period consists of one year, beginning when the judgment had become final through "direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A) (2000). This period ended on June 5, 2007.

As noted above, the OCCA affirmed the conviction on March 6, 2006. *See supra* pp. 1-2. The Petitioner then had 90 days to file a petition for a writ of *certiorari* in the United States Supreme Court. *See* 28 U.S.C. § 2101(c) (2000); Rule 13.1, Rules of the Supreme Court of the United States (eff. May 3, 1999). The 90th day was June 4, 2006. Because this date fell on a Sunday, Mr. Wood automatically gained a day for the filing of a *certiorari* petition. *See* Fed. R. Civ. P. 6(a).

Mr. Wood did not file a *certiorari* petition,[5] and the conviction became "final" on June 5, 2006.[6] In the absence of tolling, the Petitioner would have had until June 5, 2007, to file a habeas petition. *See* 28 U.S.C. § 2244(d)(1)(A) (2000).

Federal law authorizes statutory and equitable tolling of the limitations period, but the required circumstances are not present here.

The relevant statute provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or

---

[5]   *See* Petition at p. 2.

[6]   *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001) ("Under [28 U.S.C. § 2244(d)(1)(A)], a petitioner's conviction is not final . . . following a decision by the state court of last resort - [until] 'after the United States Supreme Court has denied review, or, if no petition for certiorari is filed, after the time for filing a petition for certiorari with the Supreme Court has passed.'" (citation omitted)).

claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (2000).

The applications for post-conviction relief were file-stamped on June 7, 2007, and July 26, 2007. *See supra* p. 2. By either date, the limitations period would already have expired. *See Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001) ("Fisher's petitions cannot be tolled for time spent in state post-conviction proceedings because his applications for post-conviction relief were not filed until [his limitations period had already expired].").

The Petitioner urges the Court to apply the federal mailbox rule and consider his first application for post-conviction relief filed on the day that he had verified the pleading - May 29, 2007. *See* "Prose" Response to Motion to Dismiss Habeas Corpus Petition as Time Barred at pp. 1-2 (Jan. 7, 2008). But Oklahoma state courts do not recognize the federal mailbox rule for criminal matters. *See Moore v. Gibson*, 250 F.3d 1295, 1298 (10th Cir. 2001) ("Oklahoma does not recognize the prisoner mailbox rule." (footnote omitted)). Thus, the Court may not consider the post-conviction application as "filed" before June 7, 2007. *See id.* at 1298-99 (upholding the federal district court's refusal to consider a post-conviction application "filed" before it was file-stamped). By then, the limitations period had already expired.

Even in the absence of statutory tolling, the limitations period may be subject to equitable tolling "in rare and exceptional circumstances. . . ." *York v. Galetka*, 314 F.3d 522, 527 (10th Cir. 2003). To justify equitable tolling, the Petitioner must demonstrate that he had

4

diligently pursued his claims and "that the failure to timely file [had been] caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (citations omitted).

Mr. Wood relies on the absence of the federal mailbox rule in Oklahoma. *See* "Prose" Response to Motion to Dismiss Habeas Corpus Petition as Time Barred (Jan. 7, 2008). But the limitations period was to expire only seven days after the Petitioner had given his application for post-conviction relief to prison officials. Mr. Wood could have avoided the problem by giving the application to authorities earlier than he did. Thus, the absence of a state mailbox rule did not prevent timely filing, and Mr. Wood failed to do what was necessary to comply with the limitations period.[7]

The Petitioner is not entitled to statutory or equitable tolling. As a result, the limitations period expired on June 5, 2007, and the filing of the habeas petition on November 1, 2007, was too late. The Respondent's motion to dismiss should be granted.

## Notice of the Right to Object

Mr. Wood may seek review by filing an objection with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1) (2000). The deadline for objections is February 21, 2008. *See* W.D. Okla. LCvR 72.1. The failure to timely object would foreclose appellate review of the

---

[7] *See Omar-Muhammad v. Williams*, 17 Fed. Appx. 898, 900 (10th Cir. Aug. 24, 2001) (unpublished op.) (rejecting the petitioner's argument for equitable tolling because "the application of the mailbox rule could only have affected the last eight days of [his] one-year limitations period"); *see also Moore v. Gibson*, 250 F.3d 1295, 1298-99 (10th Cir. 2001) (rejecting an argument for equitable tolling based on authorities' delay of eight days to mail a post-conviction application because the petitioner waited nine days after the disposition before he filed a federal habeas petition).

suggested ruling.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

<u>Status of the Referral</u>

The referral to the undersigned is terminated.

Entered this 31st day of January, 2008.

_____
Robert E. Bacharach
United States Magistrate Judge